UNITED STATES FIRE INSURANCE COMPANY *et al.*, Plaintiffs-Appellants, v. HARTFORD INSURANCE COMPANY, Defendant-Appellee (Warren Insurance Agency *et al.*, Defendants).

First District (3rd Division)    No. 1—99—1847

Opinion filed February 23, 2000.

Kralovec & Marquard, Chartered, of Chicago (William E. Spizzirri, David T. Nani, and Kathleen A. Johnson, of counsel), for appellants.

Kiesler & Berman, of Chicago (Robert L. Kiesler and Patti M. Deuel, of counsel), for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

The issue in this case is simple—whether a party is an insured under the terms of an insurance policy. But to answer the question we must examine policy language not previously interpreted by any Illinois court.

## FACTS

On May 1, 1994, R. Carlson & Sons, Inc. (Carlson), the contractor for a project to install new machinery at Modern Drop Forge Company (Modern Drop), entered into an oral contract with Field Technologies (Field) whereby Field agreed to provide millwrights and equipment for the project. Carlson claimed Field also agreed to have Carlson named as an insured in Field's comprehensive general liability insurance policy and to provide Carlson with a certificate of insurance. Field denied insurance coverage was a part of the oral agreement.

Field provided no certificate of insurance to Carlson before May 21, 1994, when one of Field's employees, Warren Tomaska (Tomaska), was injured while working at Modern Drop. Two days after this incident, however, Carlson requested and received a certificate of insurance from Field. A certificate of insurance was issued by Warren Insurance Agency, listing Carlson as an additional insured on Field's insurance policy with Hartford Insurance Company (Hartford).

In January 1995, Tomaska filed suit against Carlson to recover for

injuries he sustained while working at Modern Drop on May 21, 1994. Carlson tendered the defense of the suit to Hartford. Hartford refused the tender, claiming Carlson was not an insured.

Carlson and Carlson's insurer, United States Fire Insurance Company (U.S. Fire), brought a declaratory judgment action against Hartford seeking a declaration that Hartford had the duty to defend and indemnify Carlson in the underlying negligence action brought by Tomaska.

The trial court, ruling on cross-motions for summary judgment, found that, at the time of Tomaska's accident, Carlson was neither a named insured nor an additional insured under the terms of the Hartford policy. For a person or organization to be an "additional insured" under the policy, the court said, there had to be some form of written agreement by the named insured to provide insurance coverage.

In an order dated April 22, 1999, the trial court granted summary judgment in favor of Hartford.

U.S. Fire and Carlson appeal this decision. Though other arguments were raised at trial, this appeal comes down to a single question: whether the Hartford policy requires that the agreement to provide insurance must be written. We conclude that it does and for that reason we affirm the trial court.

## DECISION

We review *de novo* the trial court's grant of summary judgment in this case. *State Farm Mutual Automobile Insurance Co. v. Universal Underwriters Group*, 285 Ill. App. 3d 115, 120, 674 N.E.2d 52 (1996). The sole issue before us is the construction of the Hartford insurance policy—a question of law. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108, 607 N.E.2d 1204 (1992).

■ We construe an insurance policy as a whole, giving policy words their plain, ordinary, and popular meaning, at the same time striving to fulfill the intent of the parties. *Outboard Marine*, 154 Ill. 2d at 108. A policy term is ambiguous only if it is susceptible to more than one reasonable interpretation. *Lapham-Hickey Steel Corp. v. Protection Mutual Insurance Co.*, 166 Ill. 2d 520, 655 N.E.2d 842 (1995).

Though an insurance policy generally will be construed liberally in favor of coverage, of paramount importance is the reasonable construction of the policy. *Travelers Insurance Cos. v. P.C. Quote, Inc.*, 211 Ill. App. 3d 719, 570 N.E.2d 614 (1991). A strained, forced, unnatural, or unreasonable construction, or one that would lead to an absurd result, must not be adopted. *Universal Underwriters Group*, 285 Ill. App. 3d at 121; see also, 45 C.J.S. Insurance § 366, at 89 (1993).

In this case, the Hartford policy contained the following provision:

"ADDITIONAL INSURED—BY CONTRACT, AGREEMENT, OR PERMIT

a. WHO IS INSURED (SECTION II) is amended to include as an insured any person or organization with whom you agreed, *because of a written contract or agreement or permit*, to provide insurance such as is afforded under this policy, but only with respect to your operations, 'your work' or facilities owned by you.

b. This provision 9 does not apply:

(1) *unless the written contract or agreement has been executed or permit has been issued* prior to the 'bodily injury,' 'property damage,' 'personal injury,' or 'advertising injury[.]' " (Emphasis added.)

In construing the phrase "because of a written contract or agreement or permit," Carlson and U.S. Fire contend each term, separated by the disjunctive word "or," must be considered separately and the word "written" must be read as modifying the term "contract," but not "agreement" or "permit."

They reach this conclusion because a "permit," they say, is a written document by definition. Thus, if the word "written" modified all of the terms, including "permit," it would create a redundancy. From this, they conclude the term "agreement" may be interpreted to include either a written or oral agreement.

Though no Illinois court has interpreted a similar policy phrase, a California court has. See *Indemnity Insurance Co. of North America v. Pacific Clay Products Co.*, 13 Cal. App. 3d 304, 91 Cal. Rptr. 452 (1970). Deciding whether "written" in the phrase "any written contract or agreement" modified both "contract" and "agreement," the *Pacific Clay* court held:

"Were [defendant's] interpretation accepted, the clause 'written contract or agreement' would mean any written contract, or any written or oral agreement, expressed or implied. This is unreasonable and absurd. We reject [defendant's] contention in the premises." 13 Cal. App. 3d at 313, 91 Cal. Rptr. at 458.

■ We concur with the California court's holding. Plaintiffs' construction leads to an absurd result. We cannot adopt it.

When reading the policy phrase within the context of the entire provision, as we must, the only reasonable construction is that there must be a written document—contract, agreement, or permit—which evidences the insured's intention to provide insurance coverage to another person or organization before the Hartford policy will cover that person or organization as an additional insured.

This interpretation is strengthened by paragraph (b), which states: "This provision 9 does not apply: (1) unless the written contract or

agreement has been executed or permit has been issued prior to the 'bodily injury,' 'property damage,' 'personal injury,' or 'advertizing injury.' "

In legal terms "execute" means "perform what is required to give validity to (as by signing and perhaps sealing and delivering)." Webster's Third New International Dictionary 794 (1981). Black's Law Dictionary says an "executed" contract generally is considered to be one that has been signed or fully performed. Black's Law Dictionary 589 (7th ed. 1999).

Carlson's and U.S. Fire's fallback position is that the phrase at issue is ambiguous, requiring us to find against Hartford, the drafter of the policy. We would be reluctant to use the anti-drafter inference where the adversaries are two insurance companies. More to the point, we see nothing ambiguous in the contested language. To declare an ambiguity, we would have to find either interpretation is reasonable. *Lapham-Hickey Steel Corp.*, 166 Ill. 2d at 530. We do not believe it is reasonable to say the policy requires a "contract" to be written but allows an "agreement" to be oral. Since a contract is an agreement, the interpretation urged on us by Carlson and U.S. Fire would create a nonsensical reading of the insurance policy.

The only reasonable interpretation of the Hartford policy provision is that an "additional insured" will include only those persons or organizations that have received written confirmation—in the form of a contract, agreement, or permit—of the insured's promise to provide insurance coverage prior to the event for which coverage is being claimed. It would be unreasonable to hold any "contract" or "permit" must be evidenced by a writing, but an "agreement" would not.

We affirm the order of the trial court granting Hartford Insurance Company's motion for summary judgment in its favor.

Affirmed.

CERDA and BURKE, JJ., concur.